IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest-CBK, Inc. ) | |
| ) | |
| Plaintiff, ) | Case No. 10-cv-1502 |
| ) | |
| vs. ) | |
| ) | |
| Domistyle, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

Plaintiff Midwest-CBK, Inc. ("Midwest-CBK") for its Complaint against Domistyle, Inc., ("Defendant") alleges the following:

## JURISDICTION AND VENUE

1. This is an action for the infringement of Midwest-CBK's patent and trade dress in a glass oval container with embedded candle. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

2. Plaintiff Midwest-CBK is a corporation existing under and by virtue of the laws of the State of New York, and maintains a principal place of business at One East Weaver Street, Greenwich, CT 06831.

3. Defendant Domistyle, Inc. ("Domistyle") is a corporation existing under and by virtue of the laws of the State of Texas, and maintains a principal place of business at 4835 Lyndon B. Johnson Fwy Ste 800, Dallas, Texas 75244.

**JURISDICTION**

4. The Domistyle products that are at issue in this case, including a product sold under universal product code 712740811203 ("the Domistyle container and candle"), have been sold in Kohl's department stores in this judicial district.

5. On information and belief, Domistyle has been and is now engaged in business within this state and judicial district.

6. The court has personal jurisdiction over the parties.

7. This is a cause of action arising under the patent laws of the United States.

8. The court has subject matter jurisdiction over counts I, II, III, and IV pursuant to 28 U.S.C. §§1331 and 1338(a) and supplemental jurisdiction over counts V, VI, VII, and VIII pursuant to 28 U.S.C. §1367 because those counts are so related to the other counts as to form part of the same case or controversy.

**BACKGROUND**

9. Candle Corporation of America first introduced its oval candle container products in or about October 15, 1999 as part of its Colonial at HOME® collection. The products were introduced in an advertising campaign focused on the new, oval shape with the tagline "changing the shape of home fragrance." Since Candle Corporation of America first introduced its Colonial at HOME® line of oval-shaped candles and containers in 1999, Candle Corporation of America has extensively promoted its oval-shaped candles, which have come to be recognized as an indicator of Candle Corporation of America as the source of such candles.

10. In January 2000, Candle Corporation of America applied for and obtained design patent protection for its oval candle container products.

11. Through a series of mergers and corporate restructuring, Candle Corporation of America became Midwest-CBK, Inc. All references to Midwest-CBK shall encompass and

include its previous corporate entities including Candle Corporation of America. Midwest-CBK has continued to sell, advertise, and promote the Colonial at HOME® line of oval-shaped candles.

12.  In February, 2009, Midwest-CBK developed and presented to Kohl's Department Stores, Inc. ("Kohl's") a private label Colonial Candle branded program, called "The Collection by Colonial Candle." The Collection by Colonial Candle included an oval candle container design covered by Midwest-CBK's patents. During its communications with Kohl's, Midwest-CBK advised Kohl's that the oval candle container design presented was covered by Midwest-CBK's patents.

13.  As part of the presentation to Kohl's, Midwest-CBK developed a full range of product labels. For each scent that would be offered in The Collection by Colonial Candle, a separate label was designed. Each of the labels included two horizontal bars of color with white text identifying the scent and the brand name of the product placed within the horizontal color bars. A photograph representing the scent positioned between the horizontal color bars. An array of the proposed product labels is shown below.



14.  Despite indications that a business deal was imminent, Kohl's did not place orders for The Collection by Colonial Candle from Midwest-CBK.

15. Domistyle is now selling a line of oval candle containers through Kohl's throughout the United States, including in stores located in this judicial district. Upon information and belief, Domistyle sells its products to Kohl's with the awareness and expectation that the products will be offered for sale in Kohl's stores throughout the United States, including in Illinois. The labels for Domistyle's products, two of which are shown below, are substantially similar to the labels designed by Midwest-CBK.



**COUNT I - INFRINGEMENT OF MIDWEST-CBK'S DESIGN PATENT D439,683**

16. Midwest-CBK realleges and incorporates paragraphs 1-15 as if fully set forth in this paragraph.

17. On March 27, 2001, U.S. Design Patent D439,683 ("the '683 patent") was duly and legally issued to Candle Corporation of America, a predecessor corporation to Midwest-CBK, for an ornamental design for a container and candle embedded in the container (a copy of which is attached as Exhibit A). Since that time, the '683 patent has been assigned to and still is legally owned by Midwest-CBK.

18.  Figures 1, 2, and 3 from the patent are reproduced below:



19.  Domistyle currently makes and sells the product seen below:



20.  This sale of the Domistyle container and candle has never been authorized by Midwest-CBK.

21.  The ornamental design of the Domistyle container and candle is substantially the same as the ornamental design of the container and candle shown in the '683 patent such that an ordinary observer familiar with the prior art would be deceived between the claimed design and the accused product, inducing him to purchase one supposing it to be the other. Thus, the manufacture, use, and/or sale of the Domistyle container and candle constitutes infringement of Midwest-CBK's '683 patent.

22.  On information and belief, Domistyle had actual knowledge of the '683 patent prior to beginning the acts alleged herein.

**COUNT II - INFRINGEMENT OF MIDWEST-CBK'S DESIGN PATENT D439,348**

23.     Midwest-CBK realleges and incorporates paragraphs 1-22 as if fully set forth in this paragraph.

24.     On March 20, 2001, U.S. Design Patent D439,348 ("the '348 patent") was duly and legally issued to Candle Corporation of America, a predecessor corporation to Midwest-CBK, for an ornamental design for a container and candle embedded in the container (a copy of which is attached as Exhibit B).  Since that time, the '348 patent has been assigned to and still is legally owned by Midwest-CBK.

25.     Figures 1, 2 and 3 from the patent are reproduced below:



26.     Domistyle is now selling the product shown in paragraph 19 above and the sale of the Domistyle container and candle has never been authorized by Midwest-CBK.

27.     The ornamental design of the Domistyle container and candle is substantially the same as the ornamental design of the container and candle shown in the '348 patent such that an ordinary observer familiar with the prior art would be deceived between the claimed design and the accused product, inducing him to purchase one supposing it to be the other. Thus the manufacture, use, and/or sale of the Domistyle container and candle constitutes infringement of Midwest-CBK's '348 patent.

28. On information and belief, Domistyle had actual knowledge of the '348 patent prior to beginning the acts alleged herein.

**COUNT III - INFRINGEMENT OF MIDWEST-CBK'S DESIGN PATENT D437,948**

29. Midwest-CBK realleges and incorporates paragraphs 1-28 as if fully set forth in this paragraph.

30. On February 20, 2001, U.S. Design Patent D437,948 ("the '948 patent") was duly and legally issued to Candle Corporation of America, a predecessor corporation to Midwest-CBK, for an ornamental design for a container (a copy of which is attached as Exhibit C). Since that time, the '948 patent has been assigned to and still is legally owned by Midwest-CBK.

31. Figures 1, 2 and 3 from the '948 patent are reproduced below:



32. Domistyle is now selling the product seen in paragraph 19 above and the sale of the Domistyle container has never been authorized by Midwest-CBK.

33. The ornamental design of the Domistyle container and candle is substantially the same as the ornamental design of the container and candle shown in the '948 patent such that an ordinary observer familiar with the prior art would be deceived between the claimed design and the accused product, inducing him to purchase one supposing it to be the other. Thus the manufacture, use, and/or sale of the Domistyle container and candle constitutes infringement of Midwest-CBK's '948 patent.

34. On information and belief, Domistyle had actual knowledge of the '948 patent prior to beginning the acts complained of.

### COUNT IV - INFRINGEMENT OF MIDWEST-CBK'S TRADE DRESS RIGHTS

35. Midwest-CBK realleges and incorporates paragraphs 1-34 as if fully set forth in this paragraph.

36. Since approximately 1999, Midwest-CBK has been offering its glass oval candle container with embedded candle for sale.

37. The Midwest-CBK glass oval candle container with embedded candle is distinctive within the meaning of the trademark law, and is protectable as a trade dress.

38. The Domistyle glass oval candle container with embedded candle is being and has been used in commerce without the authorization of Midwest-CBK.

39. Use of the glass oval candle container with embedded candle by Domistyle is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Domistyle container and candle.

40. Under 15 U.S.C. §1125(a)(1), Domistyle is liable to Midwest-CBK for use of this distinctive glass oval candle container with embedded candle design.

### COUNT V - UNIFORM DECEPTIVE TRADE PRACTICES ACT- TRADE DRESS

41. Midwest-CBK realleges and incorporates paragraphs 1-40 as if fully set forth in this paragraph.

42. Domistyle's use of a glass oval candle container with embedded candle that is nearly identical to Midwest-CBK's trade dress is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Domistyle container and candle and therefore constitutes a violation of 815 ILCS 510/2.

43. As a result of Domistyle's acts, Midwest-CBK has suffered, and continues to suffer irreparable injury to its reputation and good will.

### COUNT VI - CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT-TRADE DRESS

44. Midwest-CBK realleges and incorporates paragraphs 1-43 as if fully set forth in this paragraph.

45. On information and belief, Domistyle's appropriation and use of a product design that is nearly identical to that developed and presented to Kohl's by Midwest-CBK is and was done with the intent to cause confusion or to deceive as to the origin, sponsorship, or approval of the Domistyle container and candle and therefore constitutes a violation of 815 ILCS 505/2.

46. As a result of Domistyle's acts, Midwest-CBK has suffered, and continues to suffer substantial pecuniary damage.

### COUNT VII - COMMON LAW UNFAIR COMPETITION

47. Midwest-CBK realleges and incorporates paragraphs 1-46 as if fully set forth in this paragraph.

48. On information and belief, Domistyle has sold, promoted and offered for sale the Domistyle container and candle with knowledge of Midwest-CBK's trade dress and for the purposes of trading upon Midwest-CBK's goodwill and reputation and passing off its container and candle as that of Midwest-CBK's.

49. Domistyle's actions constitute infringement of Midwest-CBK's common law rights and improper and unfair competition.

50. As a result of Domistyle's acts, Midwest-CBK has suffered, and continues to suffer substantial pecuniary damage and irreparable injury to its reputation and goodwill.

**COUNT VIII - COMMON LAW TRADE DRESS INFRINGEMENT**

51. Midwest-CBK realleges and incorporates paragraphs 1-50 as if fully set forth in this paragraph.

52. On information and belief, Domistyle's use of Midwest-CBK's trade dress creates a likelihood of confusion and therefore constitutes a violation of Midwest-CBK's common law rights in its trade dress.

53. As a result of Domistyle's acts, Midwest-CBK has suffered, and continues to suffer substantial pecuniary damage and irreparable injury to its reputation and goodwill.

**WHEREFORE**, Midwest-CBK asks this court to:

a. enter a permanent injunction against continued infringement (35 U.S.C. §283 and 15 U.S.C. §1116);

b. order accountings for Midwest-CBK's damages and for Domistyle's profits (35 U.S.C. §§284 and 289, and 15 U.S.C. §1117(a));

c. treble an award of damages and/or profits (15 U.S.C. §1117(a));

d. order an assessment of interest and costs against Domistyle (35 U.S.C. §283, 15 U.S.C. §1117(a));

e. find this to be an exceptional case and to award reasonable attorney's fees to Midwest-CBK (35 U.S.C. §285, 15 U.S.C. §1117(a));

f. order the destruction of Domistyle's infringing products (15 U.S.C. §1118);

g. order an injunction against further deceptive trade practices and award Midwest-CBK its costs and attorney's fees (815 ILCS 510/3);

h. order an award of actual and punitive damages against Domistyle, and in favor of Midwest-CBK;

i. award Midwest-CBK its costs and attorney's fees (815 ILCS 505/10a); and

    j.    to award such other as relief as the court deems appropriate.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Midwest-CBK demands a trial by jury for all claims so triable.

Dated: March 5, 2010

By: */s/ Julianne M. Hartzell*
Thomas L. Duston     (IL 6196612)
Gregory J. Chinlund  (IL 6236846)
Julianne M. Hartzell (IL 6275093)
Benjamin T. Horton   (IL 6286428)

MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300

tduston@marshallip.com
gchinlund@marshallip.com
jhartzell@marshallip.com
bhorton@marshallip.com

Attorneys for Plaintiff